20-1035-cv
*Toussie v. Allstate Insurance Company*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of January two thousand twenty-one.

PRESENT:   GUIDO CALABRESI,
           REENA RAGGI,
           DENNY CHIN,
                   *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ROBERT TOUSSIE,
                   *Plaintiff-Appellant*,

           -v-                                              20-1035

ALLSTATE INSURANCE COMPANY,
                   *Defendant-Appellee* .*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*      The Clerk of the Court is respectfully directed to amend the official caption to conform to the above.

FOR PLAINTIFF-APPELLANT:  DAVID N. YAFFE, Hamburger, Maxson, Yaffe & McNally, LLP, Melville, New York.

FOR DEFENDANT-APPELLEE:  J. MICHAEL PENNEKAMP (Christine Walker, *on the brief*), Fowler White Burnett P.A., Miami, Florida; Patrick Walsh Brophy, McMahon, Martine & Gallagher, LLP, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for further proceedings.

Plaintiff-appellant Robert Toussie appeals the district court's judgment entered March 6, 2020, dismissing with prejudice his claims against defendant-appellee Allstate Insurance Company ("Allstate"). In his amended complaint, Toussie asserted breach of contract and tort claims against Allstate. By memorandum opinion and order entered March 5, 2020, the district court granted Allstate's motion for summary judgment and denied Toussie's cross-motion for summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

*BACKGROUND*

Toussie and his wife owned two properties in Brooklyn: their primary residence at 290 Exeter Street ("290 Exeter") and an investment property at 285

2

Coleridge Street ("285 Coleridge"). Beginning in 2003, 290 Exeter was insured against flooding under a policy, in the form of a Standard Flood Insurance Policy ("SFIP"), issued by Allstate pursuant to the National Flood Insurance Program ("NFIP"). 285 Coleridge, which apparently was held in the name of an entity owned by Toussie's wife, was also covered for flooding by an SFIP policy issued by Allstate.

The policy on 290 Exeter was renewed each year without incident until late 2009-early 2010. The 2008-2009 policy was in effect from December 19, 2008 through December 29, 2009. On November 4 and December 18, 2009, respectively, Allstate sent a renewal notice and then a final notice to Toussie requesting payment of the premium to continue the coverage on 290 Exeter. When Toussie did not pay the premium, the insurance agency that held the policy, Alan Rodriguez Insurance Agency, Inc. ("Rodriguez"), sent Toussie a fax on January 14, 2010 reminding him that he had to pay the premium of $388 by January 17, 2010 to avoid a lapse in the policy. Rodriguez received the check from Toussie on January 19, 2010 and deposited the check on January 20, 2010. Although the check was apparently late (the actual deadline was January 18), under the terms of the SFIP, Toussie only lost coverage for thirty days as the payment triggered reinstatement after a thirty-day waiting period.

The check, which included the policy number, clearly indicated it was for 290 Exeter. Yet, Rodriguez applied the payment to the policy on 285 Coleridge, for

3

which a payment was also due, using the centralized Allstate computer system, and the funds were deposited into an account shared by Rodriguez and Allstate.

Because of the error, Allstate considered the policy on 290 Exeter lapsed, and it did not send Toussie renewal notices for 290 Exeter for the 2010-2011 or 2011-2012 policy periods. Instead, Allstate sent Toussie renewal notices for 285 Coleridge for both periods and Toussie paid the premiums for 285 Coleridge for both periods. He did not make any additional premium payments for 290 Exeter.

In October 2012, Hurricane Sandy hit, damaging both properties. Allstate paid Toussie $185,000 for damage to 285 Coleridge, but denied coverage for 290 Exeter on the basis the policy on that property had lapsed.

Toussie brought this action, suing Allstate, Rodriguez, and the successor insurance agency to Rodriguez, George J. Schlott, Inc. ("Schlott"). Toussie settled with Schlott for $50,000, but Rodriguez did not appear. The district court granted summary judgment in favor of Allstate, dismissing both Toussie's breach of contract and his negligence claims. This appeal followed.

## DISCUSSION

We review an award of summary judgment *de novo*, resolving all ambiguities and drawing all inferences in favor of the non-movant, and we will affirm only if the record reveals no genuine dispute of material fact. *See* Fed. R. Civ. P. 56(a); *Jacobson v. Metro. Prop. & Cas. Ins. Co.*, 672 F.3d 171, 174 (2d Cir. 2012). At the same time,

4

"conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist," nor can "mere speculation or conjecture as to the true nature of the facts." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (internal quotation marks omitted).

**1.      *The Breach of Contract Claim***

Toussie argues that when he paid the premium for the 290 Exeter policy in January 2010 and Rodriguez accepted the payment, Allstate was contractually obliged to send him a notice of cancellation, renewal notice, and final notice pursuant to the applicable regulations.  Its failure to do so, he claims, constituted a breach of contract. We are not persuaded.

Toussie's argument fails, because he failed to advise Allstate that he had not received a renewal notice, as required by the SFIP:

> 3.      If we find, however, that we did not place your renewal notice into the U.S. Postal Service, or if we did mail it, we made a mistake, e.g., we used an incorrect, incomplete, or illegible address, which delayed its delivery to you before the due date for the renewal premium, then we will follow these procedures:
>
> a.      *If you or your agent notified us, not later than one year after the date on which the payment of the renewal premium was due*, of non-receipt of a renewal notice before the due date for the renewal premium, and we determine that the circumstances in the preceding paragraph apply, we will mail a second bill providing a revised due date, which will be 30 days after the date on which the bill is mailed.

5

44 C.F.R. pt. 61, app. A(1) ("SFIP policy"), § VII(H)(3) (emphasis added). Toussie received renewal notices in November and December 2009 for the 2009-2010 policy period, but he did not receive notices in November or December 2010 for the 2010-2011 policy period or in November or December 2011 for the 2011-2012 policy period. He did not, however, notify Allstate of non-receipt of a renewal notice. Hence, by the plain terms of the SFIP, Allstate was not obliged to send a second bill with a revised due date.

Toussie argues that this provision is not applicable because there was no "actual, existing 'renewal notice' prepared by Allstate," and thus he was not obliged to notify Allstate of non-receipt of a renewal notice. Pl.'s Br. at 51. In other words, Toussie argues that if Allstate prepared a renewal notice and did not send it, he would have been obliged to notify Allstate of non-receipt, but if Allstate never prepared a renewal notice, he would not have been so obliged. The argument makes no sense.

Finally, Toussie cites to a provision, incorporated into the SFIP, that requires a "notice of expiration" to be sent to the policy holder "not less than 45 days before the expiration" of the policy. App'x at 677; *see* 42 U.S.C. § 4104a(c). There was, however, no policy in effect in November/December 2010 or November/December 2011, as the policy on 290 Exeter had expired in December 2009, and thus Allstate was under no obligation to send renewal notices on the later dates.

Accordingly, the district court did not err in granting summary judgment dismissing Toussie's breach of contract claim.

6

**2.** *The Negligence Claim*

As for his negligence claim, Toussie argues that Rodriguez was Allstate's agent, making Allstate vicariously liable for Rodriguez's failure to use reasonable care in applying his check, which was clearly marked for the 290 Exeter policy, to the premium for the 285 Coleridge policy. The district court was persuaded that Rodriguez was in fact Allstate's agent for these purposes, but nonetheless granted summary judgment for Allstate on the theory that the misapplication of Toussie's premium payment "actually *benefitted* him." Special App'x at 9-10. The district court concluded that the payment was used to renew the policy on 285 Coleridge, and that Allstate paid the "policy limits" on that policy to Toussie for the damage sustained at 285 Coleridge because of the hurricane.

This was error. First, as Allstate concedes, it did not pay the policy limit for 285 Coleridge. Rather, the policy limit was $350,000 and Allstate paid only $185,177.87. Second, the coverage on the two properties was not interchangeable, as Toussie alleged that substantially greater damage was sustained at 290 Exeter (his primary residence) than at 285 Coleridge. Hence, even taking into account the $50,000 payment from Schlott, Toussie still had a claim for damages beyond what he received from Allstate. Third, while Allstate might very well have a claim against Toussie for the monies paid on account of 285 Coleridge (if, for example, the payment was a windfall because Toussie was not the owner of 285 Coleridge, as he alleges, or if only one policy

7

was in effect), the proper mechanism for determining any such adjustment would have been a counterclaim (for example, a set-off) or an affirmative defense (for example, for payment). While the district court was right to be concerned about allowing an insured who "paid the premium for *one* policy to recover the limits of *two* policies," the district court could not conclude, as a matter of law on this record, that "[t]he adverse and beneficial effects cancel each other out." Special App'x at 10. Accordingly, the grant of summary judgment dismissing the negligence claim must be vacated.

On remand, the district court may wish to consider the issue of preemption. "All disputes arising from the handling of any claim under a NFIP policy are governed exclusively by the flood insurance regulations issued by Federal Emergency Management Agency, the National Flood Insurance Act of 1968, as amended, and Federal common law." *Jacobson v. Metro. Prop. & Cas. Ins. Co.*, 672 F.3d 171, 174 (2d Cir. 2012) (alterations omitted). But negligence in the procurement of flood insurance—as opposed to negligence in the *renewal* of an insurance policy—may not be covered by an NFIP policy and may therefore not be preempted. *See, e.g., Spong v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, 787 F.3d 296 (5th Cir. 2015). We do not decide the issue. But we note that if the negligence claim is not preempted, it may well be solely a state negligence claim, which, once all federal claims have been dismissed, might properly be dismissed without prejudice for consideration in state courts.

8

Finally, although the district court observed that were the agency issue "the end of the inquiry," it would grant summary judgment to Toussie on that issue, Special App'x at 9, on this record there may be factual issues as to whether, in accepting and posting Toussie's check as payment for one of two insurance premiums, Rodriguez was acting as Allstate's agent or as Toussie's agent. While it is certainly possible that Toussie will ultimately prevail on this point, Allstate has pointed to evidence in the record that appears to support its position that Rodriguez was Toussie's agent in relevant respects.

\* \* \*

For the foregoing reasons, we **AFFIRM** the judgment to the extent that the district court dismissed the breach of contract claim, we **VACATE** the judgment to the extent the district court dismissed the negligence claim, and we **REMAND** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk